681 F.2d 821
 31 Empl. Prac. Dec. P 33,400
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Maria Teresa Beavers, Plaintiff-Appellant
v.
International Association of Bridge and Structural Iron
Workers, Local Union No. 1, Defendant-Appellee.
 Docket No. 81-1144.
 United States Court of Appeals, Seventh Circuit.
 May 19, 1982.*
 
 1
 Before CUDAHY, Circuit Judge, FAIRCHILD, Senior Circuit Judge, and BROWN, Senior District Judge.**
 
 PER CURIAM
 
 2
 The plaintiff, Maria Teresa Beavers, Administratrix of the Estate of Albert Cedillo, deceased, appeals from an order of the district court sustaining the motion for summary judgment of defendant International Association of Bridge and Structural Iron Workers, Local Union No. 1, hereafter "Local One", and denying the motion of plaintiff for partial summary judgment, upon plaintiff's claim of discriminatory denial of union membership brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5.
 
 
 3
 We have considered this case before. Until 1969, Albert Cedillo, a Spanish-surnamed Mexican-American, lived in Texas, where he was a skilled ironworker, journeyman status, in Local 510, a sister union of defendant Local One. In 1969 he moved to Chicago and applied for membership in Local One, but was denied membership because of defendant's policy of not accepting any new members except through its apprenticeship program, or pursuant to a consent decree entered in a Title VII race discrimination suit which concerned the admission of blacks to membership in Local One. Cedillo was able to work in Chicago through temporary work permits issued by the union until December, 1975, when defendant refused to renew his permit and his employer discharged him. Cedillo then filed this action claiming, in part, that the "no-entry" rule unlawfully discriminated against Spanish-surnamed Mexican-Americans on the basis of their race and national origin. In 1978 the District Court granted summary judgment in favor of Local One, upon the theory that there had been no discrimination since the "no-entry" rule applied equally to all applicants for membership, whites as well as Mexican-Americans. On appeal, we reversed and remanded the action to determine whether or not a practice, which is facially neutral, did in fact have a disparate impact upon Cedillo and the class which he sought to represent. Cedillo v. Int'l Ass'n of Bridge, Etc., 603 F.2d 7 (7 Cir.1979). We there noted, 603 F.2d at 12 that:
 
 
 4
 ... on the state of the record before us we are unable to conclude as a matter of law that a blanket determination to limit all membership via a transfer program is incapable of any offensive disparate impact when members continue to be admitted through the apprenticeship program and when new employees continue to be hired through the temporary work permit program. Such a policy can 'lock in' the effects of past discrimination and relegate qualified minorities to the status of nonvested, temporary permit workers.
 
 
 5
 The case was remanded so that discovery could proceed "in order to afford plaintiff's fair opportunity to show that (the employer's) stated reason for (the employee's) rejection was in fact pretext.' " (Citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The District Court was also directed to make a determination on class certification. Following remand, Albert Cedillo, the original plaintiff, died, and Maria Teresa Beavers, Administratrix of his estate, was substituted as party plaintiff. Since no class had been certified prior to Cedillo's death, the case proceeded as a private action on behalf of the estate.
 
 
 6
 Following further discovery, the trial court denied plaintiff's motion for summary judgment upon the liability issue, and once again entered summary judgment in favor of defendant Local One. In this instance the district court found that the union's "no-entry" policy did not operate to freeze the effects of past discrimination because new members are admitted through an apprenticeship program on a nondiscriminatory basis.
 
 
 7
 After a review of the record in this case, we are convinced that the defendant's "no-entry" rule discriminated against skilled Hispanic ironworkers such as Albert Cedillo and that the district court erred in entering judgment in favor of the union upon the basis that the apprenticeship program would operate to eliminate past discrimination. Statistics before the court revealed that between 1969 and 1976, which were the years that Cedillo attempted to gain admission, the percentage of Hispanics in Local One fluctuated between 1.1% and 1.4%.[1] Cedillo was only one of a number of skilled Hispanic ironworkers who sought membership in Local One, apart from unskilled workers who sought entry into the apprenticeship program. In 1973, 1974 and 1976, the only years for which Local One had documentation, ten Hispanics sought membership, these ten representing 9.6% of the total applicants who sought membership. In addition, between 12 and 22 skilled Hispanic ironworkers applied for job referrals through temporary work permits during random two month periods in 1973, 1974 and 1976. There is no evidence that the apprenticeship program, which was of course limited to unskilled workers, and which was inapplicable to Cedillo, had a substantial impact by increasing the percentage of Hispanics in Local One. In 1972, there were 257 participants in the apprenticeship program of whom 12, or 4.7% were Hispanics. One of these was a third-year apprentice. By 1978, there were only 33 participants, none of whom were Hispanic." (App. A-17, A-19).
 
 
 8
 Although defendant's practice of refusing to add new members to a union which is predominantly non-minority, while granting temporary work permits on an ad hoc basis to meet labor needs, appears neutral on its face, numerous courts have found such policies illegal. See Gibson v. Local 40, Supercargoes and Checkers, Etc., 543 F.2d 1259, 1267 (9 Cir.1976); United States v. Local 638, 347 F.Supp. 169, 180-81 (S.D N.Y.1972); Local 53 of Int'l Ass'n of Enterprise Ass'n, Etc., of Heat & Frost I. & A. Wkrs., v. Volger, 407 F.2d 1047, 1054 (5 Cir.1969). The statistics presented in this case establish that the "no-entry" policy has excluded skilled Hispanic ironworkers, who represent 9.6% of the applicant pool, from attaining journeyman status in Local One. Local One has never provided any rationale for its "no-entry" rule which would excuse the rule's discriminatory impact upon skilled Hispanic ironworkers such as Cedillo.
 
 
 9
 This case was initially remanded to the district court to allow plaintiff to demonstrate that the "no-entry" rule had a disparate impact on skilled Hispanic ironworkers, locking in past discrimination practiced by defendant union. We believe that plaintiff successfully met that burden, and that consequently her motion for partial summary judgment should have been sustained. Accordingly, it is ordered that the judgment appealed from is Reversed, and the case is Remanded, with instructions to grant plaintiff's motion for partial summary judgment, and for such other proceedings as may be necessary to determine damages.
 
 
 
 *
 This appeal was originally decided by unreported order on May 19, 1982. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion
 
 
 **
 The Honorable Wesley E. Brown, Senior District Judge of the United States District Court for the District of Kansas, is sitting by designation
 
 
 [1]
 Plaintiff was only provided with statistics for partial portions of the years 1973, 1974 and 1976, since it appears that defendant union had failed to retain all of its records